**FILED**
APR 2 5 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIA MIILLER,                          )
                                        )
       Plaintiff,                     )
                                        )
v.                                      )    Civil Action No.  08 0734
                                        )
DISTRICT OF COLUMBIA PUBLIC             )
HOUSING AUTHORITY, *et al.*,            )
                                        )
       Defendants.                    )

### **MEMORANDUM OPINION**

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The complaint begins with what ostensibly are claims against the District of Columbia Housing Authority regarding plaintiff's prior applications for public housing in the District of



Columbia. *See, e.g.*, Compl. at 8. Further reading the complaint reveals allegations against dozens of federal agencies, and state agencies, private corporations, and non-profit organizations in Michigan, Illinois, Georgia, California, and the District of Columbia. Plaintiff alleges that "unidentified Indian women and men occupied accounts" resulting in "the illegal useage of [her] identification, fraud [and] identity theft." *Id.* at 7. She also alleges that she is the victim of domestic violence, harassment, stalking, and "several previous attempts made on [her] life by Detroit Michigan Consolidated Gas [C]ompany, Detroit Edison Electric Company, Century 21 DuPont Realtors and Housing and Urban Development." *Id.* at 10-11. Plaintiff demands a public hearing so that she "can discuss the reasons why [she does not] have a place to live and why the [U]nited [S]tates government are spending Settlement, Compensation, Reimbursement, HUD Refund monies" to others. *Id.* at 12.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, it appears that its factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. An Order consistent with this Memorandum Opinion is issued separately.

/s/ Royce C. Lamberth
United States District Judge

Date:   4/8/08

2